UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRENDA LEE MALLEY,

    Plaintiff,

v.                                       Case No. 24-C-1116

ROBERT HENRY FARIAS,

    Defendant.

**ORDER GRANTING MOTION TO DISMISS**

    Plaintiff Brenda Lee Malley, who is currently representing herself, brought this diversity action against Defendant Robert Henry Farias, alleging three claims stemming from Farias' provision of forensic accounting services to Malley. The matter is before the court on Farias' motion to dismiss and request for sanctions. For the following reasons, Farias' motion to dismiss will be granted, but the court will not impose sanctions.

    At the outset, the court observes that Farias' motion is unopposed. Malley's brief in opposition was due on November 13, 2024. *See* Civil L. R. 7(b). Malley failed to file a brief in opposition by that date and has yet to file anything in response to Farias' motion, despite making several other unrelated filings. Accordingly, it appears that Malley has waived any argument in opposition to the motion. *Id.* ("Failure to respond to the motion may result in the Court deciding the motion without further input from the parties."); *Friemuth v. Fiskars Brands, Inc.*, 681 F. Supp. 2d 985, 988 (W.D. Wis. 2010) ("Defendant has not responded to that argument, which operates as waiver." (citing *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007))). Even aside from waiver, however, Farias' motion to dismiss should be granted for improper venue.

Although Farias does not cite to any Federal Rule of Civil Procedure, he repeatedly argues that the proper venue for Malley's claims is the California courts. Mot. to Dismiss, Dkt. No. 7 at 3. The court therefore construes Farias' motion as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Rule 12(b)(3) provides that a defendant may move to dismiss an action for "improper venue." After a defendant "challenges venue, the plaintiff bears the burden of establishing proper venue." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015) (citing other sources); *Burns v. Joseph Ertl, Inc.*, No. 11-C-0132, 2011 WL 3472370, at *1 (E.D. Wis. Aug. 8, 2011) (citing other sources). The court must accept all the allegations in the complaint as true unless they are contradicted by evidence submitted by the defendant. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). The question of whether venue is improper "is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

Section 1391 provides three alternative pathways to establishing proper venue, none of which apply here. First, venue is appropriate in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, venue is not proper under § 1391(b)(1) in any district in Wisconsin because Farias resides in California. *See* Am. Compl., Dkt. No. 4 at 2. Second, venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, venue is not appropriate in any district in Wisconsin because all of the events giving rise to Malley's claim took place in California. *See* Am. Compl. at 2–3; Mot. to Dismiss at 3. It is inconsequential that Malley has resided in Wisconsin for the last few years. Finally, "if there is no district in which an action may otherwise be brought as provided in this section," venue is appropriate in "any judicial district in which any defendant is subject to the court's personal

2

jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, there is at least one other district in which this action could be brought; namely, the California district in which Farias resides or the events giving rise to this action took place. Thus, § 1391(c) in not applicable. Section 1391(c) is also inapplicable because Farias is not subject to personal jurisdiction in this district. *Swanson v. City of Hammond*, 411 F. App'x 913, 916 (7th Cir. 2011); *see also Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986); *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 9, 245 Wis. 2d 396, 629 N.W.2d 662.

It thus follows that Farias has raised a valid objection to venue, and Malley has not shown that venue in the Eastern District of Wisconsin is proper. Although the court has discretion to transfer a case where venue is improper rather than dismiss it, 28 U.S.C. § 1406(a), Malley has failed to make any showing that it would be in the interest of justice to do so here. There appears to be no statute of limitations problem that would prevent Malley from re-filing her action in the proper forum, assuming she has a claim. She offers no excuse for choosing to file her action in this district, which was clearly an improper forum and forcing Farias and the court to needlessly expend resources to address her dispute. *See Ryan v. Hyden*, No. 11–CV–1852 JLS (WVG), 2012 WL 3202598, at *3 (S.D. Cal. Aug. 3, 2012) ("The interest of justice is not served by allowing a plaintiff who committed an obvious filing error in filing in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his action to the proper court."). Dismissal is therefore appropriate under Federal Rule of Civil Procedure 12(b)(3), and the court need not reach Farias' other arguments in support of dismissal.

Although Farias' frustration is understandable, the court will deny his motion for sanctions. Farias does not cite to a Federal Rule of Civil Procedure in support of his motion, so the court construes Farias' request for sanctions as being brought under Rule 11. Because sanctions are a

3

serious matter, Rule 11 imposes certain procedural requirements.  First, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2); *see also Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999).  "Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion."  *Divane*, 200 F.3d at 1025 (citing another source).  Second, a motion for sanctions must not be filed with the court unless the nonmovant has been given 21 days to cure the challenged activity.  *Id.*; Fed. R. Civ. P. 11(c)(2).  Again, "[a] court that imposes sanctions by motion without adhering to this twenty-one-day safe harbor has abused its discretion."  *Divane*, 200 F.3d at 1025 (citing other sources).  Here, Farias has not complied with the first procedural requirement as his request for sanctions was brought as a component of his motion to dismiss.  And he likely failed to comply with the second procedural requirement as there is no indication that Malley was given any opportunity to cure her allegedly sanctionable conduct.  It is also worth noting that Farias represented himself in his defense and thus likely did not incur any attorney's fees or other costs.  Under these circumstances, Farias' request for sanctions will be denied.

**IT IS THEREFORE ORDERED** that Farias' motion to dismiss (Dkt. No. 7) is **GRANTED**.  His request for sanctions, however, is **DENIED**.  This case is dismissed without prejudice.  The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 31st day of December, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge